UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PUBLIC SERVICE EMPLOYEES LOCAL
UNION 572, LIUNA,

        Plaintiff,

v.

                                 Civil Action No. 2:19-cv-490

PROFESSIONAL CONTRACT SERVICES,
INC.,

        Defendant.

## REPORT AND RECOMMENDATION

In this case, Plaintiff Public Service Employees Local Union 572, LIUNA ("Plaintiff" or the "Union") moves the court to compel Defendant Professional Contract Services, Inc. ("Defendant" or "PCSI") to arbitrate a dispute involving Defendant's firing of a Union-member employee. (ECF Nos. 13, 15.)[1] PCSI has filed a Motion to Strike or Stay Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 56(d), ECF No. 18, arguing that Plaintiff has waived its right to insist on arbitration, and urging deferral so as to obtain discovery on its claim of waiver. The Union responds that any determination that it has waived its right to

---

[1] In seeking to compel arbitration, Plaintiff filed two separate motions, which are docketed as (1) Motion to Compel Arbitration and/or for Summary Judgment, ECF No. 13, and (2) Motion to Compel Arbitration, ECF No. 15. The two motions and their supporting memoranda are identical. Accordingly, the undersigned will refer to the motions collectively as a single motion.

arbitrate should be made by an arbitrator, not the court, and that the discovery PCSI seeks is irrelevant in any event.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the assigned district judge referred the motions to the undersigned for a report and recommendation. As explained in greater detail below, the undersigned concludes that the issue of waiver on the facts alleged in this case is one for an arbitrator to decide and thus recommends that the court grant Plaintiff's Motion to Compel Arbitration and/or for Summary Judgment, ECF Nos. 13 & 15, and deny Defendant's Motion to Strike or Stay, ECF No. 18.

## I. Statement of the Case

The Union and PCSI are parties to a collective bargaining agreement ("CBA"), which sets forth the terms and conditions of employment for covered PCSI employees at Naval Air Station Oceana. One such condition is that PCSI may not terminate an employee without just cause. The CBA also provides for a grievance and arbitration process for any disputes that might arise between the parties. If the parties are unable to resolve a grievance, the dissatisfied party may demand arbitration. The CBA also provides a process for selecting an arbitrator.

On September 26, 2018, PCSI terminated Phillip Mason, a covered employee under the CBA, for repeated violations of PCSI's attendance and tardiness policy. The Union, however, maintains

2

that PCSI lacked just cause to fire Mason. Accordingly, on October 4, 2018, the Union filed a written grievance pursuant to the CBA, seeking to have Mason reinstated. At the conclusion of the multi-step grievance process, PCSI conclusively denied the grievance on October 25, 2018.

In response, the Union filed an unfair labor practices charge with the National Labor Relations Board ("NLRB") on November 16, 2018. The Union also sought to arbitrate the dispute, as provided by the CBA.[2] The Union requested a panel of arbitrators from the Federal Mediation and Conciliation Service. PCSI, however, objected to the proposed panel. The Union requested and obtained a new proposed panel of arbitrators, which it submitted to PCSI on March 28, 2019. Since that time, however, the parties have been unable to agree upon next steps. Accordingly, the Union filed this action on September 18, 2019. On December 3, 2019, Plaintiff moved to compel arbitration, at which point the parties had conducted no discovery.[3] On December 17, 2019, Defendant filed a

---

[2] It is not clear from the pleadings whether Plaintiff pursued arbitration before or after filing the unfair labor practices charge.

[3] The court entered its Rule 26(f) Pretrial Order, ECF No. 17, the following day. While the present motions were pending, the court conducted a Rule 16(b) Scheduling Conference and set both a discovery schedule and trial date, ECF No. 24.

3

Motion to Strike or Stay the Union's Motion, ECF No. 18, contending that Plaintiff has waived its right to arbitration.

The parties apparently agree that the underlying claim related to Mason's termination is subject to the terms of the CBA and its arbitration clause. Although not alleged in detail in its Answer, Defendant now maintains that by filing the unfair labor practices charge with the NLRB, Plaintiff took action inconsistent with its stated desire to arbitrate and thus waived its right to arbitration under the CBA. Def.'s Mem. Supp. Mot. to Strike ("Def.'s Mem.") 2-5 (ECF No. 19). The Motion to Strike argues that "due process requires that PCSI be given the opportunity to conduct discovery on its affirmative defense[ of waiver] prior to defending the Union's premature motion." Id. at 3.

Plaintiff contends that Defendant is not entitled to discovery under Rule 56(d) because the issue of whether "a party seeking arbitration has waived the right to arbitrate is a matter for the arbitrator to resolve, not the court." Pl.'s Mem. Opp. Def.'s Mot. to Strike ("Pl.'s Opp.") 3 (ECF No. 20) (citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 94 (2002)). Thus, according to the Union, the court should grant its Motion, and send the matter to arbitration. However, PCSI responds that the question of waiver is a matter of "substantive arbitrability" that should be decided by the court. Def.'s Reply Supp. Mot. to Strike ("Def.'s Reply") 2-4 (ECF No. 21) (citing Milbourne v. JRK

4

Residential Am., LLC, No. 3:12-cv-816, 2016 WL 1071564, at *4 (E.D. Va. Mar. 15, 2016)).

After reviewing the pleadings, including the various defenses to arbitration alleged in the Answer, this report finds that PCSI's objections raise issues of procedural arbitrability of the type the parties would expect an arbitrator to resolve. Accordingly, this report recommends that the court grant Plaintiff's Motion to Compel Arbitration and/or for Summary Judgment. However, to the extent the issue of waiver in this case is properly resolved by the court, the undersigned would conclude that any discovery sought by PCSI would not bear on the issues presented and that Plaintiff did not waive its right to arbitration by simultaneously filing the NLRB charge.

## II. Recommended Conclusions of Law

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960). Not surprisingly, parties often dispute the applicability of an arbitration agreement for a variety of reasons, and questions arise as to who – the court or the arbitrator – should settle such "gateway" disputes. In Howsam, the Supreme Court provided guidance to courts in answering such questions. Specifically, the Court identified two separate categories of gateway disputes. The first category involves

5

"questions of arbitrability" and includes disputes as to "whether the parties are bound by a given arbitration clause," or "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." Howsam, 537 U.S. at 84. Absent clear and unmistakable intent by the parties to proceed otherwise, such disputes are "issue[s] for judicial determination." Id. at 83 (quoting AT&T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 649 (1986)). This conclusion arises from a presumption that the parties would likely expect a court, not an arbitrator, to decide such disputes so as to "avoid the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate." Id. at 83-84; see also Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003) (plurality opinion).

The second category involves "procedural questions which grow out of the dispute and bear on its final disposition." Howsam, 537 U.S. at 84 (internal quotation marks omitted) (quoting John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964)). The Court stated that these disputes, which include "allegation[s] of waiver, delay, or a like defense to arbitrability," id. (alteration in original) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)), "are presumptively not for the judge, but for an arbitrator, to decide," id. 84. See also BG Grp., PLC v. Republic of Arg., 572 U.S. 25, 34-35 (2014) ("[C]ourts presume that the parties intend arbitrators, not courts, to decide

6

disputes about the meaning and application of particular procedural preconditions for the use of arbitration. These procedural matters include claims of waiver, delay, or a like defense to arbitrability. And they include the satisfaction of prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate." (citations and internal quotation marks omitted) (first quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 25; then quoting Howsam, 537 U.S. at 85)); Glass v. Kidder Peabody & Co., 114 F.3d 446, 455 (4th Cir. 1997) (noting that procedural defenses to arbitration, such as laches and statutes of limitations, are matters of "'procedural arbitrability' solely for the arbitrators' decision and not for the court").

Here, neither party contends that it is not bound by the CBA or that the underlying dispute - whether PCSI had just cause to fire Mason - is not one that would otherwise be covered by its arbitration provision. See Compl. ¶¶ 10-15 (ECF No. 1); Answer ¶¶ 10-15 (ECF No. 8, at 3). Thus, the present motions present no "questions of arbitrability" of the type presumptively reserved for the court. Howsam, 537 U.S. at 84. Instead, Defendant's Motion to Strike primarily argues that by filing the unfair labor practices charge with the NLRB, Plaintiff acted inconsistently

7

with an intent to arbitrate and therefore waived its right to arbitration.[4]

Despite Howsam's plain statement that "allegation[s] of waiver" are presumptively for the arbitrator to resolve, Howsam 537 U.S. at 84, courts have interpreted that language narrowly and have distinguished between different forms of waiver disputes alleged to preclude arbitration. On the one hand, allegations of waiver "arising from non-compliance with contractual conditions precedent to arbitration" are issues of waiver that the arbitrator should resolve. JDP, Inc. v. Chronimed Holdings, Inc., 539 F.3d 388, 393-94 (6th Cir. 2008). On the other hand, allegations that a party waived its right to arbitrate "by actively litigating the case in court" are ones that the court should decide. Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 217-21 (3d Cir. 2007); see also Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 14 (1st Cir. 2005) ("We hold that the Supreme Court in Howsam . . . did not intend to disturb the traditional rule that waiver by conduct, at

---

[4] Defendant's Answer raised several affirmative defenses, including the failure to timely file a request to arbitrate the grievance, which it alleges resulted in waiver. Answer ¶¶ 3, 5 (ECF No. 8, at 5). The company also made general averments of waiver, estoppel, laches, and unclean hands. Answer ¶¶ 3-4, 6 (ECF No. 8, at 5). The specific allegation of waiver by inconsistent conduct in the filing an unfair labor practices charge, however, is not pled in PCSI's Answer.

8

least where due to litigation-related activity, is presumptively an issue for the court.")

"[T]here are important policy reasons why a court and not an arbitrator should decide waiver issues, at least where the waiver . . . is due to litigation-related activity." Marie, 402 F.3d at 13. Unlike other forms of waiver, an allegation of waiver based on litigation conduct "heavily implicates 'judicial procedures.'" Id. (citing Green Tree, 539 U.S. at 452). Accordingly, the court, which has presided over the litigation conduct in dispute, is in the best position to determine whether a party has indeed forfeited any claim to arbitration through its abuse of those judicial procedures. Id.; see also JPD, 539 F.3d at 394 ("Waiver-through-conduct issues ordinarily turn on whether a plaintiff abused the litigation or pre-litigation process, and a court is most adept at policing procedure-abusing conduct.") Furthermore, when a party who has substantially utilized the litigation process later seeks to force the case to arbitration, "sending waiver claims to the arbitrator would be exceptionally inefficient." Marie, 402 F.3d at 13. This is particularly true if the arbitrator were to find that the defendant had waived its right to arbitrate as "the case would inevitably end up back before the district court with the plaintiff again pressing his claims." Id. at 13-14.

The Fourth Circuit subscribes to this waiver distinction, routinely addressing (before and after Howsam) whether a party has waived its right to arbitrate by "so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay," Maxum Founds., Inc. v. Salus Corp., 779 F.2d 974, 981 (4th Cir. 1985). See, e.g., Dillon v. BMO Harris Bank, N.A., 787 F.3d 707, 713 (4th Cir. 2015); MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249-54 (4th Cir. 2001); Smiley v. Forcepoint Fed., LLC, No. 3:18-cv-26, 2018 WL 5787468, at *3-4 (E.D. Va. Nov. 5, 2018), aff'd, 777 F. App'x 668 (4th Cir. 2019) (unpublished per curiam opinion).[5]

The Union does not dispute that such issues of waiver are presumptively the court's to decide. See Pl.'s Opp. 4 n.1. However, it contends that such is not the type of waiver alleged in this case. Id. PCSI, on the other hand, appears to argue that all issues of waiver are for judicial determination, regardless of the basis for the defense. See Def.'s Reply 2-4 ("Waiver is a matter of substantive arbitrability, and must be analyzed by this Court.") In support of this view, PCSI points to the court's decision in Milbourne v. JRK Residential Am., LLC, 2016 WL 1071564.

---

[5] Although these cases use the term "default" instead of or in addition to "waiver," a default in these circumstances has generally been viewed as including a waiver. See, e.g., Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc., 380 F.3d 200, 204-05 (4th Cir. 2004); MicroStrategy, 268 F.3d at 249.

10

In that case, the court stated that "waiver is presumptively an issue for the court, absent clear and unmistakable evidence to the contrary." No. 3:12-cv-861, 2016 WL 1071564, at *4 (E.D. Va. Mar. 15, 2016) (internal quotation marks omitted) (citing Robinson v. Taboo Gentlemen's Club, LLC, No. 3:14-cv-123, 2015 WL 3868531, at *5 (N.D.W. Va. June 23, 2015); Karnette v. Wolpoff & Abramson, LLP, 444 F. Supp. 2d 640, 644 (E.D. Va. 2006)). But the type of waiver at issue in that case, and in the cases it cited, involved litigation conduct - the precise type of waiver that the court, not the arbitrator, should resolve. Milbourne, 2016 WL 1071564, at *8 (holding that defendant waived right to arbitrate by waiting three years before moving to compel arbitration, by which point the parties had conducted extensive discovery and the defendant had repeatedly sought rulings on the merits); Robinson, 2015 WL 3868531, at *6 (finding that the defendants had not "invoked the 'litigation machinery' in an attempt to avoid arbitrating" the plaintiff's claims and thus had not waived right to arbitrate)[6]; Karnette, 444 F. Supp. 2d at 649 (holding that the defendant waived its right to compel arbitration by failing to raise it until after filing multiple motions that would have led to dispositive rulings if granted). To interpret Milbourne's statement to encompass all

---

[6] In fact, Robinson notes the distinction between the allegation of waiver discussed in Howsam and the "precise issue" of waiver by litigation conduct. Id. at *5.

11

allegations of waiver, regardless of the basis, would eviscerate the Supreme Court's instruction in Howsam and BG Grp. that certain forms of waiver, which "grow out of the dispute and bear on its final disposition" are procedural questions presumptively reserved for the arbitrator. Howsam, 537 U.S. at 84; see also JPD, 539 F.3d at 393-94; Ehleiter, 482 F.3d at 218-19.

With this distinction, and the reasons supporting it, in mind, the undersigned concludes that the specific issue of waiver in this case is one appropriately for an arbitrator, not the court, to decide. Here, PCSI's allegations of waiver do not arise from litigation in this or any other court. Indeed, the Union's litigation conduct has been entirely aimed at enforcing its arbitration right from the start. According to the allegations, the Union commenced litigation solely because PCSI refused to respond to the Union's efforts to arbitrate. And the Union moved to compel arbitration before discovery had even begun. Furthermore, among the various bases claimed to forfeit the Union's right to arbitrate in Defendant's Answer, most arise from purely procedural defects of the type Howsam explicitly reserves for the arbitrator to decide. Howsam, 537 U.S. at 84; see also Glass, 114 F.3d at 455 (describing laches, mere delay, statute of limitations, and untimeliness as defenses involving "procedural arbitrability," which are reserved for an arbitrator's resolution).

12

Although some courts have suggested that courts may properly adjudicate allegations of waiver by conduct not litigation-related, see JPD, 539 F.3d at 393 & n.1; Marie, 402 F.3d 14 & n.9, the undersigned is not aware of any court in this circuit that has so held. This is not surprising as "in practice virtually all cases have involved litigation-related waiver." Marie, 402 F.3d at 14 n.9. Nor, to the undersigned's knowledge, has any court in this circuit held that a party waived its right to arbitration by engaging in conduct somewhat akin to litigation in a forum other than a court, such as administrative actions. Contra id. at 14 (deciding the issue of waiver stemming from "litigation activity" before the EEOC).[7]

---

[7] Although not binding, the facts of Marie on this specific point are much different than here. There, the plaintiff, an employee of the defendant, first pursued an EEOC action against the defendant, alleging unlawful discrimination. Id. at 4-5. During those proceedings, the defendant never asserted arbitration. The EEOC dismissed the action. Id. at 5. The plaintiff then filed suit in state court. Id. The defendant removed the case to federal court and, for the first time, moved to compel arbitration pursuant to the employment contract. Id. The plaintiff argued, in part, and the district court held, that the defendant had waived its right to arbitration by failing to raise it during the EEOC proceedings. Id. at 11. Thus, the allegation of waiver was not that the party seeking arbitration - there, the defendant - had waived arbitration by taking some affirmative action inconsistent with an intent to arbitrate. Rather, the allegation was that the defendant waived its right to arbitration by inaction, namely, declining to assert arbitration while the plaintiff pursued an EEOC action. Unlike this case, the plaintiff there never attempted to arbitrate the matter. The First Circuit, recognizing that the case did not present the average waiver dispute, retained the issue

13

In short, PCSI's waiver arguments do not fall within the category of waiver disputes reserved for the court. See Maxum Founds., 779 F.2d at 981. True, the simultaneous filing of an unfair labor practices charge with the NLRB does not entirely arise from the contract itself. See Howsam, 537 U.S. at 84. But neither does it significantly implicate the "important policy reasons why [the] court and not an arbitrator should decide waiver issues" pertaining to litigation conduct. Marie, 402 F.3d at 13. As previously noted, the conduct alleged to waive the Union's right to arbitrate is conduct outside of the present litigation. Thus, the court is not called upon to exercise its "comparative expertise," id., in identifying and rooting out judicial "procedure-abusing conduct," JPD, 539 F.3d at 394. Indeed, the court is unfamiliar with current state of the NLRB proceedings as well as the extent of the parties' participation therein. Rather, an arbitrator, proficiently knowledgeable in labor disputes under the CBA and the manner in which such disputes are resolved - or more importantly here, unduly complicated - is much better suited than the court to grapple with the specific allegation of waiver arising from the simultaneous filing of the NLRB charge.

---

of waiver for itself, stating that it was "well suited to determine the sort of forum-shopping and procedural issues that are likely to arise in litigation before the EEOC." Id. at 14. That case presents a much different procedural history than this one.

14

Furthermore, tasking the arbitrator with resolving the issue of waiver in this case will not be "exceptionally inefficient," Marie, 402 F.3d at 13. As previously mentioned, the affirmative defenses to arbitration actually alleged in PCSI's Answer - unclean hands, laches, estoppel, and untimeliness - are clearly the sort of procedural questions that an arbitrator should decide. Howsam, 537 U.S. at 84; see also Glass, 114 F.3d at 455. Thus, permitting an arbitrator to resolve both those procedural defenses and any waiver that might arise from the NLRB filing would be more efficient than the alterative of separating the claims between the court and an arbitrator. Accordingly, this report recommends granting Plaintiff's Motion to Compel Arbitration and/or for Summary Judgment primarily on the grounds that the allegation of waiver and other affirmative defenses raised as objections to arbitration are for the arbitrator to resolve.

Should the presiding district judge disagree with the undersigned's conclusion that the arbitrator should decide the issue of waiver in this case, the undersigned alternatively concludes that the Union did not waive its right to pursue arbitration by the simultaneous filing of the NLRB charge. As Plaintiff observes, the practice of filing both an unfair labor practices charge and a demand for arbitration is not uncommon. Cf. Collyer Insulated Wire, Gulf & W. Sys. Co., 192 NLRB 837, 839-43 (1971).

15

Furthermore, PCSI has not cited any case where a court has held that a party waived its right to arbitration by simultaneously pursuing an NLRB action, or, for that matter, <u>any</u> type of administrative action. To the contrary, the undersigned discovered only two courts that have squarely addressed the issue, and each held that the party seeking to compel arbitration did not waive its right to arbitration by filing an NLRB charge. <u>Amalgamated Local No. 55 v. Metal & Alloy Div. of Silver Creek Precision Corp.</u>, 396 F. Supp. 667, 669-70 (1975) ("Nor can [the] plaintiff's action in filing a charge with the [NLRB] be construed as a waiver of their contract rights to arbitration."); <u>Glass Bottle Blowers Ass'n v. Ark. Glass Container Corp.</u>, 183 F. Supp. 829, 830-31 (E.D. Ark. 1960) (holding, in part, that the filing of an NLRB action did not constitute a waiver of contractual arbitration rights); <u>see also</u> <u>Bohack Corp. v. Truck Drivers Local Union No. 87</u>, 431 F. Supp. 646, 653 n.3 (E.D.N.Y. 1977).

Here, the pleadings demonstrate that Plaintiff attempted to arbitrate essentially at the same time as filing the NLRB action. In fact, just over four months after the Union filed the NLRB charge, it had already presented <u>two</u> proposed arbitrator panels to PCSI. The only relief sought in the Union's Complaint is an order compelling arbitration. The Complaint includes no substantive claims involving a contractual dispute. The Union was not attempting to delay or sidestep arbitration, or otherwise

16

prejudice PCSI. Rather, as the Complaint and Motion make clear, the Union filed this suit only after failing to secure PCSI's voluntary participation in arbitration.

Thus, it cannot be said that the Union exhibited an express intent to waive arbitration by pursuing a course of action in lieu of arbitration. Rather, it pursued a separate course of action in addition to arbitration. See Bohack Corp., 431 F. Supp. at 654 n.3. (holding that in filing an NLRB charge, "the union was attempting to explore all possible means of redress and did not act in a manner inconsistent with arbitration"). Accordingly, should the court decide itself to resolve the issue of waiver, it should find that Plaintiff did not waive its right to arbitration by simultaneously filing the NLRB charge. In fact, PCSI does not fundamentally dispute these conclusions and opposes relief on the basis that some yet-to-be-discovered fact will reveal the Union's true "intent" in pursuing a separate NLRB charge. Def.'s Reply 2. The company implies that the Union is acting in bad faith and imposing unnecessary delay to complicate its defense. But it is PCSI's conduct thus far that has contributed more to delaying the proceedings. And any actual bad faith evidenced by the Union's strategy in presenting the unfair labor practices charge may be dealt with by the arbitrator during its resolution of the underlying claim.

17

## IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned concludes that it is for an arbitrator, not the court, to determine whether Plaintiff waived its right to arbitration by the simultaneous filing of an unfair labor practices charge or any other defenses to arbitration raised in the Answer. Alternatively, the undersigned concludes that Plaintiff did not waive its right to arbitration by simultaneously filing an unfair labor practices charge with the NLRB and that the discovery sought by Defendant would not bear on resolution of that issue. Accordingly, the undersigned recommends that the court GRANT Plaintiff's Motion to Compel Arbitration and/or for Summary Judgment, ECF Nos. 13 & 15, and DENY Defendant's Motion to Strike or Stay, ECF No. 18.

## V. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of service of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen

(14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ 
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
January 23, 2020